# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MIGUEL A. COTRICH,**

        **Plaintiff,**

-vs-                                      Case No. 6:94-cv-287-Orl-19

**TIMOTHY IVERS, Adjudication Officer,**
**Department of Veterans Affairs,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Complaint (Motion) to Reopen My Civil Suit by Plaintiff Miguel A. Cotrich (Doc. No. 27, filed June 12, 2008); and

2. Motion for Additional Disability and Additional Damages (Doc. No. 28, filed June 25, 2008).

*Pro Se* Plaintiff Miguel A. Cotrich filed this action on March 10, 1994 against Defendant Timothy Ivers, an Adjudication Officer with the Department of Veterans Affairs ("VA"), in his official capacity. (Doc. No. 1.) In the Complaint, Plaintiff stated that he was in military service from 1975 to March 24, 1976, at which time he was medically discharged. (*Id.* at 1.) He contends that he had an undiagnosed arthritic condition that was aggravated by the physical rigors of boot camp. (*Id.*) As a result of his injuries, Plaintiff underwent a number of surgeries performed by VA surgeons. (*Id.*) According to Plaintiff, the operations on his hip were performed negligently and rendered him totally and permanently disabled. (*Id.*) He pursued a benefits claim with the VA for his disability, but his claim was denied. (*Id.*) Thereafter, he brought this action in federal court

seeking to "reopen this disallowed claim" and to have the Court "review the disposition there of." (*Id.*)

In response, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that: (1) "38 U.S.C. § 511(a) precludes judicial review of VA benefits determinations," (2) "the United States has not waived its sovereign immunity," and (3) "the plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act." (Doc. No. 14 at 2, filed July 21, 1994.)

This Court agreed that Defendant had failed to show subject matter jurisdiction over his claims concerning VA benefits. (Doc. No. 21 at 5-9, filed Aug. 30, 1994.) The Court, construing Plaintiff's negligence claim as a claim brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, gave Plaintiff leave to demonstrate compliance with the Act's jurisdictional administrative exhaustion requirements. (*Id.* at 10-14.) After the time granted by the Court to make such a showing had elapsed and Plaintiff failed to demonstrate administrative exhaustion, the Court dismissed the case in its entirety for lack of subject matter jurisdiction. (Doc. No. 26, filed Sept. 28, 1994.)

Because the Court's Order dismissed the entire action without providing for leave to amend the Complaint, the dismissal was final. *See Van Poyck v. Singletary*, 11 F.3d 146, 148-49 (11th Cir. 1994). The time for filing a motion to alter or amend judgment lapsed ten days after the entry of the Court's September 28, 1994 Order. Fed. R. Civ. P. 59(e). The time for filing a motion for relief from judgment ended one year after the date of this Order, or under certain exceptions, within a reasonable time afterwards. Fed. R. Civ. P. 60(b). Plaintiff filed no timely motions for reconsideration or relief from judgment and did not file any appeal.

Instead, almost fourteen years after the case was closed, Plaintiff filed a Complaint (Motion) to Reopen My Civil Suit, (Doc. No. 27), and shortly thereafter a Motion for Additional Disability and Additional Damages, (Doc. No. 28). In these documents, Plaintiff repeats the ailments about which he previously complained in this case and in another case dismissed by this Court, *Cotrich v. Secretary, Department of Veterans Affairs*, No. 6:06-cv-1772-Orl-19JGG.[1] He again has failed to address the jurisdictional defects found to be present in his 1994 action and has failed to assert a basis for the Court's jurisdiction to reopen his case. Accordingly, the Court lacks jurisdiction to grant the requested relief.

**Conclusion**

Based on the foregoing, the Court **DENIES** the Complaint (Motion) to Reopen My Civil Suit by Plaintiff Miguel A. Cotrich, (Doc. No. 27, filed June 12, 2008), and the Motion for Additional Disability and Additional Damages, (Doc. No. 28, filed June 25, 2008). This case shall remain closed.

**DONE** and **ORDERED** in Orlando, Florida on March 2 , 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

[1] Plaintiff also filed the following cases in the Middle District of Florida: *Cotrich v. Medicare Social Security Office*, No. 6:94-cv-98-Orl-22; *Cotrich v. Humana Associated Credit & Collection Accounts*, No. 6:96-cv-1119-Orl-19; *Cotrich v. Barton Protective Services, Inc.*, No. 6:98-cv-7-18; *Cotrich v. Social Security Administration*, No. 6:01-cv-829-19DAB; and *Cotrich v. Gibbart*, No. 6:05-cv-294-Orl-28KRS.

Counsel of Record
Unrepresented Party